# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD RAY,** | : | |
| Plaintiff | : | |
| | : | CIVIL NO. 3:19-CV-0207 |
| v. | : | |
| | : | (Judge Caputo) |
| **COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS**, *et al.,* | : | |
| Defendants | : | |

# M E M O R A N D U M

Plaintiff Ronald Ray, an inmate presently housed at the Mahanoy State Correctional Institution (SCI-Mahanoy), in Frackville, Pennsylvania, commenced this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Named as Defendants are the Pennsylvania Department of Corrections (DOC), Correct Care Solutions (CCS) and Physician Assistant (PA) Russell Miller. (*Id.*)

Mr. Ray seeks to proceed *in forma pauperis*. (ECF Nos. 2 and 6.) For the reasons set forth below, the Court will grant Mr. Ray's request to proceed *in forma* pauperis but dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, the Court will grant Mr. Ray leave to file an amended complaint against CCS and PA Miller.

I. **Standard of Review for Screening *Pro Se In Forma Pauperis* Complaints**

When a litigant seeks to proceed *in forma pauperis*, without payment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint. *See* 28 U.S.C. § 1915(e)(2)(B). Likewise, when a prisoner seeks redress from a government defendant in a civil action,

whether proceeding *in forma pauperis* or not, the court must screen the complaint. *See* 28 U.S.C. § 1915A(a). Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).

A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1832-33, 104 L.Ed.2d 338 (1989)). In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Under Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009)). The court may also rely on exhibits attached to the complaint and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). A complaint is required to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)).

To test the sufficiency of the complaint, the court "must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, a court must "take note of the elements a plaintiff must plead to state a claim." *Id.* (internal quotations and brackets omitted). Second, the court must identify allegations that are merely legal conclusions "because they . . . are not entitled to the assumption of truth." *Id.* While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). Third, a court should assume the veracity of all well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949).

A complaint filed by a *pro se* plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 - 21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Yet, even a *pro se* plaintiff "must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014). A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly

dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

With these principles in mind, the Court sets forth the background to this litigation, as Plaintiff alleges it in his Complaint.

## II.     Allegations of the Complaint

On March 29, 2018, PA Miller treated Mr. Ray for a fungal infection and prescribed him an antifungal cream, Tolfanate. (ECF No. 1 at ¶ 1.) After using the cream for three days, Mr. Ray developed a painful and inflamed blister on his upper left arm. (*Id.* at ¶ 2.) On April 8, 2018, Mr. Ray returned to the medical unit due to the unbearable pain from the "burn caused by the Tolfanate cream". (*Id.* at ¶ 3.) PA Williams saw him and advised to stop using the Tolfanate cream. He also told Mr. Ray he would have a permanent scar on his arm. (*Id.*) Mr. Ray then requested to see Medical Director Courtney Rodgers and stated he never wanted to be treated by PA Miller again. Staff advised him that he could not choose which medical providers would treat him. (*Id.* at ¶ 4.)

On an unknown date, while in the infirmary for a procedure to his hand, Dr. Rodgers asked to examine the "blistering scar tissue on his left arm". (*Id.* at ¶ 5.) After a cursory examination of it, Dr. Rodgers "stat[ed] absolutely nothing." (*Id.*) Mr. Ray continues to suffer discomfort due to the blister on his left arm. Additionally, his rash remains untreated and has spread to his back and chest. (*Id.* at ¶ 6.)

Mr. Ray asserts claims of "medical negligence," violations of the Eighth Amendment and the intentional infliction of emotional distress. He claims he is unable to live a normal healthy life due to Defendants' actions because he suffers from daily pain

and is unable to work. (*Id.* at ¶¶ 7 – 9.) He seeks compensatory and punitive damages pursuant to 42 U.S.C. § 1983 and Pennsylvania tort law. (*Id.*, Prayer for Relief.)

**III.     Discussion**

Section 1983 provides that persons acting under color of state law may be found liable if they deprive an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See* 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254 - 55, 101 L.Ed.2d 40 (1998); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### A.     Defendant Pennsylvania DOC

Mr. Ray names the Pennsylvania DOC as a defendant in this case. (ECF No. 1 at 1.)     However, the Eleventh Amendment's immunity protects the DOC from suit under § 1983 and, in any event, it is not considered a "person" for the purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989) ("Section 1983 … does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."); *Foye v. Wexford Health Sources Inc.*, 675 F. App'x 210, 215 (3d Cir. 2017) (state prison and the PA DOC are not persons subject to suit under § 1983.) Accordingly, the Court will dismiss all claims against the Pennsylvania DOC with prejudice.

### B. Defendant CCS

Mr. Ray alleges CCS is the contract medical care provider responsible for treating SCI-Mahanoy inmates and as such, is responsible for the negligent and unconstitutional acts of its employees, such as PA Miller. (ECF No. 1 at 1.)

The Third Circuit Court of Appeals has held that a private corporation contracted by a prison to provide healthcare to inmates cannot be held liable for Eighth Amendment violations on a theory of *respondeat superior*. *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003). "To state a claim against a private corporation providing medical services under contract with a state prison system, a plaintiff must allege a policy or custom that resulted in the alleged constitutional violations at issue." *Palakovic v. Wetzel*, 854 F.3d 209, 232 (3d Cir. 2017) (citing *Natale*, 318 F.3d at 583-84 (3d Cir. 2003)).

As plead, Mr. Ray does not make any allegations that would allow the Court to infer that CCS established or maintained an unconstitutional policy or custom responsible for violating his rights. Accordingly, the Court will dismiss Mr. Ray's claims against CCS. Because Plaintiff may be able to cure this pleading defect and state a plausible claim for relief against CCS, the Court will grant him leave to file an amended complaint as to his § 1983 claim against CCS.

### C. Defendant PA Miller

A prison official or private physician under contract to treat state inmates violates the Eighth Amendment when he acts with "deliberate indifference" to an inmate's serious medical need. *Farmer v. Brennan,* 511 U.S. 825, 828, 114 S.Ct. 1970, 1974, 128 L.Ed.2d 811 (1994). A finding of deliberate indifference must be based on what an official knew,

rather than what a reasonable person should have known. *See Beers-Capitol v. Whetzel*, 256 F.3d 120, 131 (3d Cir. 2001).

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976). Such indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d. Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury." *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990).

At the same time, "[a] prisoner does not have the right 'to choose a specific form of medical treatment.'" *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000)). Disagreements between an inmate and a physician over the inmate's proper medical care does not rise to the level of an Eighth Amendment claim for the denial of medical care. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 192 n. 2 (3d Cir. 2002) (claims of medical malpractice, absent evidence of a culpable state of mind, do not constitute deliberate indifference under the Eighth Amendment.) Also, a claim that a doctor or medical department was negligent does not rise to the level of an Eighth Amendment violation simply because the patient is a prisoner. *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292. Accordingly, a "medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." *Id.* at 107, 97 S.Ct. at 293.

Here, Mr. Ray alleges PA Miller saw him on March 29, 2018 when he first sought medical attention for a skin inflammation. (ECF No. 1 at 2.) PA Miller diagnosed the inflammation as a "fungus" and prescribed anti-fungal cream. (*Id*.) Mr. Ray does not allege he notified PA Miller that he believed the prescribed medication was exacerbating his already inflamed skin. He does not allege PA Miller, or for that matter, other medical professionals refused to see him again to assess him medical condition. When he next sought medical care, the attending PA, Mr. Williams, advised him to stop using the medication. Plaintiff does not make any further allegations concerning PA Miller.

As noted above, Plaintiff must prove the "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319-20, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Id*., 475 U.S. at 319, 106 S.Ct. at 1084. Mr. Ray's Eighth Amendment claim against PA Miller fails to support this necessary element. Based on the allegations of the Complaint, the fact that the cream did not resolve Mr. Ray's condition but aggravated it, does not demonstrate PA Miller's deliberate indifference to his serious medical condition. At most, he asserts a claim of medical negligence or malpractice. The Court will dismiss Plaintiff's claim against PA Miller based on his failure to state an Eighth Amendment claim. The Court, however, will grant Mr. Ray leave to file a curative amended complaint as to this Defendant.

### D. State Law Claims

Although Mr. Ray is attempting to raise state law medical negligence claim against PA Miller, there are no remaining federal claims against him or any other Defendant.

Accordingly, the Court declines to exercise jurisdiction over Mr. Ray's state law medical negligence claim. See 28 U.S.C. § 1367(c)(3); see also Leisure v. Lancaster Cty. Prison, 750 F. App'x 89, 92 (3d Cir. 2018) (affirming district court's decision to decline exercising supplemental jurisdiction over plaintiff's state negligence claim after dismissing all original jurisdiction claims).

### E. Leave to File an Amended Complaint

As stated, Mr. Ray's entire Complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). While Mr. Ray's claims against the Pennsylvania DOC are dismissed with prejudice, the Court will grant Mr. Ray twenty-one days to file an amended complaint as to his claims against CCS and PA Miller. If Mr. Ray decides to file an amended complaint in this action, he must clearly label it, on the face of the document, "Amended Complaint." It must bear the docket number assigned to this case and must be retyped (double spaced) or legibly rewritten (double spaced) in its entirety, on the court-approved form.[1] In addition, any amended complaint filed by Mr. Ray supersedes (replaces) the original complaint already filed. It must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1; see also W. Run Student Hous. Assocs. v. Huntingdon Nat'l Bank, 712 F.3d 165, 171 (3d Cir. 2013).

The Court cautions Mr. Ray that his amended complaint must be concise and direct. See Fed. R. Civ. P. 8(d). Each allegation must be set forth in individually numbered paragraphs in short, concise, and simple statements. Id. and Fed. R. Civ. P.

---

[1] In the "Caption" section of the amended complaint, Plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

10(b). The factual allegations of the amended complaint may not be conclusory. Instead, the facts alleged should be specific enough as to time and place of the violations and must identify the specific person or persons responsible for the deprivation of his constitutional rights and what each defendant did to harm him. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948.

If Plaintiff fails to file an amended complaint on the Court's form within twenty-one days, or fails to file an amended complaint that complies with the Court's instruction, the Court will dismiss Mr. Ray's action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Finally, the Court reminds Plaintiff of his obligation to advise the Court of any change of address. *See* M.D. Pa. LR 83.18. His failure to do so will be construed as his abandonment of the lawsuit resulting in the dismissal of the action.

An appropriate order follows.

**Date: October 29, 2019**  /s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**